```
              UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```
ANDRE LEWIS,                      :
                                  :CIVIL ACTION NO. 3:17-CV-1424
          Plaintiff,              :
                                  :(JUDGE CONABOY)
     v.                           :
                                  :
SCI-HOUTZDALE, et al.,            :
                                  :
          Defendants.             :
                                  :

---

**MEMORANDUM**

Andre Lewis, an inmate presently confined at the State Correctional Institution, Houtzdale, Pennsylvania (SCI-Houtzdale), filed this *pro se* civil rights action on August 11, 2017. (Doc. 1.) On the same date, Plaintiff filed a Motion for Appointment of Counsel (Doc. 4) and, on September 6, 2017, he filed an Application to Proceed in Forma Pauperis (Doc. 7).

Named as Defendants are SCI-Houtzdale, Corrections Officers Smith and Tote, and Captain Miller. (Doc. 1.) Plaintiff alleges that during his confinement at SCI-Houtzdale he was subjected to cruel and unusual punishment in that he was called names and attacked by other inmates, he was sent to the RHU after CO Smith forged his signature on a Misconduct Waiver Form, CO Tote verbally treated him as a sex slave, he was subjected to unsanitary conditions, and his food was tampered with when Captain Miller was the shift commander. (Doc. 1 at 2.) Plaintiff seeks monetary and injunctive relief. (*Id.*)

## **I. Discussion**

28 U.S.C. § 1391(b) provides that a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which a defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff and Defendants are located at SCI-Houtzdale and all alleged events occurred at SCI-Houtzdale. (*See* Doc. 1.) SCI-Houtzdale is located within both Clearfield County, Pennsylvania, and the confines of the United States District Court for the Western District of Pennsylvania. *See* 28 U.S.C. § 118(c).

It is well settled that a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action may have been brought. 28 U.S.C. § 1404(a). The United States Supreme Court in *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960), recognized that under § 1404(a), a civil action may be transferred by a district to another district court where that action may have been brought by the plaintiff.

Based on Plaintiff's location, the named Defendants location,

2

and the nature of Plaintiff's allegations, it is apparent that the convenience of the parties and interests of justice would be best served by transferring this matter to the judicial district wherein Plaintiff is incarcerated, Defendants are located, and the underlying events transpired.

## **II. Conclusion**

Since the Western District of Pennsylvania is the proper forum, this matter will be transferred to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).  An appropriate Order is filed simultaneously with this Memorandum.

                                        S/Richard P. Conaboy
                                        RICHARD P. CONABOY
                                        United States District Judge

DATED: September 25, 2017